UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
DONNELL PARKER,                              :
                                             :    Civ. No. 14-6871 (RBK) (AMD)
               Plaintiff,                    :
                                             :    **OPINION**
       v.                                    :
                                             :
WARDEN COHEN, et al.                         :
                                             :
               Defendants.                   :
_____ :

**ROBERT B. KUGLER, U.S.D.J.**

   Plaintiff is currently incarcerated at the Atlantic County Justice Facility in Mays Landing, New Jersey. He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Clerk will not file a civil complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. *See* L.Civ.R. 5.1(f). The filing fee for a civil complaint is $400.00 ($350.00 if the plaintiff is proceeding *in forma pauperis*). While the Clerk has received the complaint, the complaint has not been filed as plaintiff has not paid the filing fee nor has plaintiff been granted *in forma pauperis* status.

   A prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the applicable filing fee. *See* 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. *See id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *See id.*; *see also* L.Civ.R. 81.2(b) ("Whenever a Federal, State, or local prisoner submits a civil rights complaint . . . the prisoner shall also submit an affidavit setting forth information which establishes that the prisoner is

1

unable to pay the fees and costs of the proceedings and shall further submit a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's prison account during the six-month period prior to the date of the certification.").

Plaintiff's application to proceed *in forma pauperis* will be denied without prejudice. While plaintiff has submitted his prisoner account statement, the statement has not been certified by the appropriate prison official. Therefore, the application to proceed *in forma pauperis* is incomplete. *See* 28 U.S.C. § 1915(a)(2); *see also see also* L.Civ.R. 81.2(b).

Even if a prisoner is granted *in forma pauperis* status, he must pay the full amount of the filing fee. *See* 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20 % of the preceding month's income credited to the prisoner's account. *See id.* § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B); *see also id.* § 1915A(b).

If the plaintiff has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. *See id.* § 1915(g).

As plaintiff has neither pre-paid the filing fee nor submitted a complete application to proceed *in forma pauperis*, the Clerk will be ordered to administratively close the case. However, plaintiff shall be given an opportunity reopen this action by either paying the filing fee or submitting a complete *in forma pauperis* application.

DATED:  December 3, 2014

                                                                                   s/Robert B. Kugler
                                                                                   ROBERT B. KUGLER
                                                                                   United States District Judge