UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
DONNELL PARKER,                           :
                                          :
              Plaintiff,                  :     Civ. No. 14-6871 (RBK) (AMD)
                                          :
       v.                                 :     **OPINION**
                                          :
WARDEN COHEN, et al.,                     :
                                          :
              Defendants.                 :
_____ :

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Plaintiff is a pre-trial detainee currently detained at the Atlantic County Justice Facility in Mays Landing, New Jersey.  He is proceeding *pro se* with an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983.  On December 5, 2015, this Court administratively terminated this case as plaintiff's application to proceed *in forma pauperis* was incomplete.  Subsequently, plaintiff filed another application to proceed *in forma pauperis*.  Therefore, the Clerk will be ordered to reopen this case.  The application to proceed *in forma pauperis* will be granted based on the information provided therein and the Clerk will be ordered to file the amended complaint.

The Court must now review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.  For the reasons set forth below, the complaint will be dismissed with prejudice against several defendants and without prejudice against one defendant for failure to state a claim upon which relief may be granted.

1

## II. BACKGROUND

The allegations of the amended complaint will be construed as true for purposes of this screening. Plaintiff names the following individuals as defendants in the amended complaint: (1) Warden Cohen; (2) John, Terry and Yvonne Hickman – Social Workers; (3) Rochelle P. Rozier, Esq.; and (4) Robert Moran, Esq.

Plaintiff complains that Cohen is liable because the Atlantic County Justice Facility does not have a law library such that plaintiff has been denied access to the courts. He claims that the Social Worker defendants have received requests from various units around the jail but that there are no lawyers made available. Therefore, inmates have to figure out their own strategy. Plaintiff claims that he has been unable to research the law and prepare a defense. He states that his attorney is Rochelle Rozier and that she "has yet to file one motion in regards to legally defending [his] rights under the color of law." (Dkt. No. 2 at p. 12.)

Plaintiff requests damages and redress due to the need for a law library and law librarian at the Atlantic County Justice Facility.

## III. STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

3

> injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.   DISCUSSION

The allegations of the amended complaint will be separately analyzed as to each defendant.

A. <u>Prison Staff Defendants – Cohen, John, Terry & Yvonne Hickman</u>

Plaintiff's attempts to raise an access to courts claim against Cohen, John, Terry and Yvonne Hickman. Indeed, plaintiff asserts that he has been denied his right to access to the courts because the Atlantic County Justice Facility does not have a law library.

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury' – that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit." *Id.* (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). Thus, to satisfy the requisite pleading requirements, "[t]he complaint must describe the

4

underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Id.* at 205-06 (citing *Christopher*, 536 U.S. at 416-17) (footnote omitted).

In this case, plaintiff has failed to state an access to courts claim. The allegations of the complaint do not state the arguable legal claim that plaintiff has lost as a result of his purported lack of access to the courts. Thus, he fails to identify any "actual injury" he has suffered to adequately state an access to courts claim. *See Aruanno v. Main*, 467 F. App'x 134, 137 (3d Cir. 2012) (per curiam) (per curiam) (agreeing with District Court's dismissal of an access to courts claim where the plaintiff did not identify an actual injury he suffered).

Additionally, it is worth noting that plaintiff admits that he is represented by counsel in his ongoing criminal proceedings. "[C]ourts have dismissed access-to-court challenges by prisoners who are represented by counsel in their criminal proceedings when said prisoners claim a lack of access to the law library with regard to their criminal proceeding." *Jones v. Artis*, No. 12-6896, 2013 WL 3958043, at *4 (D.N.J. July 30, 2013) (collecting cases); *Johnston v. Artist*, No. 12-4460, 2013 WL 1164501, at *4 (D.N.J. Mar. 20, 2013). Accordingly, plaintiff's claim against these defendants will be dismissed with prejudice as any amendment would be futile. *See Hester v. Morgan*, No. 10-0309, 2010 WL 3907770, at *2-3 (D. Del. Sept. 29, 2010) (dismissing complaint as frivolous and with prejudice where plaintiff alleged access to court claim but had court appointed counsel representing him in his criminal proceedings); *Annis v. Fayette Cnty. Jail*, No. 07-1628, 2008 WL 763735, at *6 (W.D. Pa. Mar. 20, 2008) (dismissing access to courts claim with prejudice where plaintiff had counsel to represent him in his criminal proceedings).

B. <u>Rochelle P. Rozier</u>

Plaintiff has also named the counsel in his criminal proceedings, Rochelle P. Rozier, as a defendant in this civil rights case. Plaintiff's allegations against Rozier are related to her representation of plaintiff in his criminal proceedings. For example, plaintiff alleges that Rozier has not filed one motion to legally defend him in his criminal proceedings.

Plaintiff does not state whether Ms. Rozier has been privately retained to represent him or whether she is a public defender. However, this lack of detail in the complaint does not change the fact that the complaint fails to state a claim against Rozier upon which relief may be granted. First, if Rozier is retained counsel, plaintiff fails to state a Section 1983 claim against her because "'[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.'" *Ojserkis v. Aprile*, 245 F. App'x 217, 218 (3d Cir. 2007) (per curiam) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)). Furthermore, if Rozier is a public defender, because plaintiff's claims against her relate to the performance of her traditional lawyer duties as counsel to plaintiff during his criminal proceedings, she was not acting under color of state law as well to permit Section 1983 liability. *See Dodson*, 454 U.S. at 325. Accordingly, plaintiff has failed to state a claim upon which relief can be granted against Rozier. The dismissal will be with prejudice as any amendment would be futile.

C. <u>Robert Moran</u>

The caption to the amended complaint also names Robert Moran as a defendant. There are no factual allegations in the amended complaint as to Moran. The complaint fails to allege any personal involvement of Moran which is required to properly plead a Section 1983 claim. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also In re Bayside Prison*

*Litig.*, No. 97-5127, 2007 WL 327519, at *5 (D.N.J. Jan. 30, 2007). Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. *See Rode*, 845 F.2d at 1207; *see also Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995); *Jackson v. Camden Cnty. Corr. Facility*, No. 12-7538, 2013 WL 1844636, at *3 n.1 (D.N.J. Apr. 29, 2013). No such allegations of personal involvement are made by plaintiff in the complaint as to Moran. Accordingly, plaintiff fails to make allegations against Moran with the specificity required by *Twombly* and *Iqbal*. Therefore, his claims against Moran will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## V. CONCLUSION

For the foregoing reasons, plaintiff's claims against Warden Cohen, John, Terry and Yvonne Hickman as well as Rochelle P. Rozier will be dismissed with prejudice for failure to state a claim upon which relief may be granted. Plaintiff's claims against Robert Moran will be dismissed without prejudice for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

DATED: February 23, 2015

                                            s/Robert B. Kugler
                                            ROBERT B. KUGLER
                                            United States District Judge